**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LONG ISLAND HOUSING SERVICES, INC.,
FAIR HOUSING JUSTICE CENTER, INC.,
               Plaintiffs,          **ORDER**
                                                                    14-cv-3307 (ADS)(AKT)

         -against-

NASSAU COUNTY INDUSTRIAL
DEVELOPMENT AGENCY,
                  Defendant.
-----------------------------------------------------------X

**APPEARANCES:**

**Emery Celli Brinckerhoff & Abady LLP**
*Attorneys for the Plaintiffs*
600 Fifth Avenue
10th Floor
New York, NY 10020
    By: Diane Lee Houk, Esq.
        David A. Lebowitz, Esq., Of Counsel

**Phillips Lytle LLP**
*Attorneys for the Defendant*
620 Eighth Avenue, 23rd Floor
New York, NY 10018
    By: Alan J Bozer, Esq.
        Anna Mercado Clark, Esq., **Of Counsel**

**Carroll McNulty & Kull LLC**
*Attorneys for the Defendant*
570 Lexington Avenue, 8th Floor
New York, NY 10022
    By: Joseph P. McNulty, Esq.
        Robert Seigal, Esq., Of Counsel

**SPATT, District Judge**.

       On May 29, 2014, the Plaintiffs Long Island Housing Services, Inc. and Fair Housing Justice Center, Inc. (collectively, the "Plaintiffs") commenced this action against the Defendants the Village of Great Neck Plaza (the "Village") and the Nassau County Industrial Development Agency (the "Agency," together with the Village, the "Original Defendants"). The complaint

asserted federal and state housing discrimination claims against the Original Defendants, alleging that they enacted and applied a local affordable housing ordinance that mandates unlawful housing discrimination by excluding most middle-aged and non-white people from eligibility. (See Compl. at ¶¶ 16–19.)

On July 21, 2014, the Agency filed an answer to the original complaint.

On July 21, 2014, the Village filed an answer to the original complaint.

On August 5, 2014, the parties appeared before United States Magistrate Judge A. Kathleen Tomlinson for a conference during which Judge Tomlinson stayed formal discovery pending the parties' settlement discussions.

On July 2, 2015, the parties again appeared before Judge Tomlinson for a settlement conference. At the conference, the Village and the Plaintiffs represented that after extensive settlement negotiations, they had reach an agreement to the settle the action solely as to the Village. However, no such agreement was reached between the Plaintiffs and the Agency. Thus, the Plaintiffs' claims against the Agency remained pending.

On September 9, 2015, the Agency and the Plaintiffs appeared before Judge Tomlinson for a conference for an amended scheduling order so that discovery with respect to the Plaintiffs' remaining claims against the Agency could proceed. At that conference, the Agency represented that it intended to make a motion pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(c) to dismiss the complaint on the pleadings and requested a complete stay of discovery pending the outcome of its motion. Judge Tomlinson denied the Agency's request for a complete stay of discovery but held depositions in abeyance pending the outcome of the Agency's motion to dismiss.

On September 11, 2015, Judge Tomlinson issued an amended scheduling order, which, among other things, set a November 30, 2015 deadline for the parties to respond to requests for the production of documents and interrogatories.

On October 1, 2015, Judge Tomlinson so-ordered the parties' stipulated protocol for the discovery of electronic stored information ("ESI"), pursuant to which the Agency agreed to run nine search terms across the documents of four of its employees.

On October 14, 2015, the Court so-ordered a stipulation of dismissal with prejudice as to the Village.

On October 15, 2015, the Agency filed a motion pursuant to Fed. R. Civ. P. 12(c) for a judgment on the pleading dismissing the complaint. The Agency also filed a separate motion pursuant to Fed. R. Civ. P. 26(c) to stay discovery pending the outcome its Rule 12(c) motion.

On October 23, 2015, the Court so-ordered a stipulation by the parties extending the November 30, 2015 deadline to respond to the requests for the production of documents and interrogatories until December 15, 2015.

On November 12, 2015, the Court so-ordered a stipulation by the parties pursuant to which the Agency consented: (i) to the filing of an amended complaint pursuant to Fed. R. Civ. P. 15(a)(2); and (ii) to withdraw its Rule 12(c) motion and its Rule 26(c) motion to stay discovery without prejudice to renewing both motions after the filing of the amended complaint.

On November 6, 2015, the Plaintiffs filed an amended complaint against the Agency principally alleging that the Agency "knowingly provided financial assistance for the Maestro, a 94-unit rental building with 19 affordable apartments located in the predominantly white Village [] that applied discriminatory eligibility requirements enacted originally by the Village." (Am. Compl. at ¶ 2.) As a result, the Plaintiffs asserted that the Agency (i) committed

intentional discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* (the "FHA"); (ii) aided and abetted housing discrimination in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 ("NYSHRL"); and (iii) aided and abetted housing discrimination in violation of the Nassau County Open Housing Law, Local Law No. 9-2006, Title C-1, § 21-9.7 *et seq.* ("NCOHL"). (See id. at ¶¶ 76–91.)

The Plaintiffs seek damages in the form of declaratory and injunctive relief enjoining the Agency from "providing financial assistance to housing projects in Nassau County that utilize residency preferences and/or age requirements," as well as monetary and punitive damages. (See id. at ¶ 91.)

On November 20, 2015, the Agency filed a motion pursuant to Fed. R. Civ. P. 12(c) for a judgment on the pleadings dismissing the amended complaint. On the same day, the Agency filed a motion pursuant to Fed. R. P. 26(c) seeking a stay of discovery pending the outcome of the Rule 12(c) motion.

The latter motion to stay discovery is now fully briefed. For the reasons set forth below, the Court denies the Agency's motion to stay discovery.

**I. DISCUSSION**

Pursuant to Fed. R. Civ. P. 26(c), a court, in its discretion, may stay discovery or issue a protective order upon a showing of "good cause." In this regard, district courts in this Circuit have often found that a defendant's motion to dismiss does not, by itself, provide "good cause" for staying discovery. See Kanowitz v. Broadridge Fin. Sols., Inc., No. CV 13-649 (DRH) (AKT), 2014 WL 1338370, at *5 (E.D.N.Y. Mar. 31, 2014) ("It is well-settled in this District that litigants are not entitled to an automatic stay of discovery pending the determination of a motion to dismiss."); Bachayeva v. Americare Certified Special Servs., Inc., No. 12-CV-1466

4

(RRM) (SMG), 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013) ("'[I]t is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is 'by no means automatic.'") (quoting Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 09–cv–5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept.1, 2009)); Thomas v. New York City Dep't of Educ., No. 09-CV-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) ("The pendency of a dispositive motion is not, without more, grounds for an automatic stay.").

Instead, district courts have considered the following factors in determining whether a stay of discovery is appropriate pending the outcome of a dispositive motion: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Thomas v. New York City Dep't of Educ., No. 09-CV-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (quoting Rivera v. Inc. Vill. of Farmingdale, No. CV 06–2613(DRH) (ARL), 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007)); see also Alford v. City of New York, No. CV 2011-0622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (same). However, these factors are not dispositive, and the court must ultimately "look to the particular circumstances and posture of each case." Alford, 2012 WL 947498, at *1 (citing Hachette Distribution, Inc. v. Hudson County News Co. Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).

As to the first factor, the Agency claims it has made a strong showing that the Plaintiffs' housing discrimination claims are "unmeritorious" because the Plaintiffs have failed to allege a discriminatory motive on the part of the Agency, nor alleged that the Agency was aware of the disparate impact that the Village's housing ordinance would have on non-white applicants for affordable housing. (The Agency's Mem. of Law at 5–6.)

5

In Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc., 135 S. Ct. 2507, 2513, 192 L. Ed. 2d 514 (2015), the United States Supreme Court recently held that plaintiffs may assert housing discrimination claims under the FHA based on a disparate impact theory. Under that theory, a plaintiff may prove an inference of discrimination by showing that a challenged practice has had a "'disproportionately adverse effect on minorities' and [is] otherwise unjustified by a legitimate rationale." Id. (quoting Ricci v. DeStefano, 557 U.S. 557, 577, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009)). However, the Court noted in *dicta* that "[a] plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a *prima facie* case of disparate impact." Id. at 2523–24. A causal connection can be established by, for example, pointing to a "defendant's policy or policies causing that disparity." Id. at 2523.

Although the Agency did not have control over the alleged discriminatory ordinance enacted by the Village, the amended complaint alleges that it provided tax incentives to the Maestro to develop the Plaza Landmark and as a condition for those incentives, the Agency insisted that the Maestro apply the alleged discriminatory ordinance to renting affordable housing units at the Plaza Landmark. (See Am. Compl. at ¶ 49. To that end, the amended complaint contains specific allegations that the alleged conditions causing a disparate impact on minorities were made clear to the Agency by the Mayor of the Village and others at a June 13, 2011 hearing held by the Agency regarding the application for financial assistance by the Plaza Landmark. (See id. at ¶¶ 44–47.) Despite allegedly being aware of the potential for disparate impact, the Agency apparently insisted during negotiations that Maestro apply the age requirements and residency preference system established by the alleged discriminatory ordinance. (See id. at ¶ 56.)

6

These allegations, if true, may show the requisite causation to survive the Agency's Rule 12(c) motion to dismiss the amended complaint. Therefore, the Court finds, without deciding the Agency's Rule 12(c) motion, that the Agency has not made a strong showing that the Plaintiffs' claims are without merit. Accordingly, the first factor weighs against granting a stay of discovery.

As to the second factor —the breadth of discovery and the burden of the Agency in responding to it —, Judge Tomlinson has already limited discovery pending the outcome of the Agency's motion to documents and interrogatories. Despite the fact that discovery has already been limited, the Agency claims that it will be overly burdened by responding to the Plaintiffs' discovery requests because it will have to expend $40,000 to produce the ESI documents requested by the Plaintiffs. (The Agency Mem. of Law at 4.)

However, as the Plaintiffs correctly point out, the Agency stipulated to the scope of the ESI discovery in the September 30, 2015 ESI protocol. If the Agency objected to the burden or costs associated with the scope of ESI discovery, it could have negotiated for a narrower set of search terms and custodians. However, the Agency did not do so, and the issuance of a stay of discovery is not the appropriate mechanism to deal with the Agency's belatedly expressed concerns about the burden of ESI discovery.

Moreover, the Court notes that running nine search terms over the documents of four custodians does not on its face seem overly broad, and the Agency provides no rationale for why it should cost more than $40,000 to do so. Indeed, if the proposed search terms yield an unwieldy number of results, there is no reason why the parties cannot confer to limit the scope of those terms, or if they cannot agree, ask Judge Tomlinson to do so. Thus, the Court does not find that the second factor weighs in favor of a stay.

7

Finally, as to the third factor — the prejudice to the Plaintiffs in granting a stay —, the Court notes that this case has been pending since May 29, 2014 and discovery has already been stayed once for the purpose of settlement negotiations with the Village. Therefore, any further delay of discovery in this matter may prejudice the Plaintiffs. Further, if the allegations in the amended complaint are true, any further delay will also be against the public interest in preventing the Agency from engaging in the encouragement and enforcement of discriminatory housing practices. Therefore, the Court finds the third factor to weigh against granting a stay in this case.

The Agency contends that the Plaintiffs have already obtained a consent decree from the Village providing for the repeal of the challenged housing ordinance and promotion of additional affordable housing units in the Village. (The Agency Mem. of Law at 4.) Thus, the Agency contends that the Plaintiffs have already obtained the primary relief they sought in bringing this action and therefore, would not be prejudiced by additional delays. (See id.)

The Court disagrees. The consent decree with the Village did not address the alleged policies of the Agency, which the Plaintiffs seek to change. Nor did the Consent Decree with the Village address the Plaintiffs' claims against the Agency for monetary and punitive damages. Thus, the Plaintiffs still have a substantial interest in seeing their case against the Agency move forward. Accordingly, the Court finds that the Agency's assertion that the Plaintiffs would not be prejudiced by a further delay of discovery to be without merit.

In sum, the Court finds that the Agency has failed to establish that a complete stay of discovery pending the outcome of its Rule 12(c) motion is warranted, and therefore, in its discretion, denies the Agency's motion for a stay. Document discovery should commence according to the schedule established by Judge Tomlinson.

**SO ORDERED.**
Dated: Central Islip, New York
December 1, 2015

                                              _/s/ Arthur D. Spatt_
                                              ARTHUR D. SPATT
                                          United States District Judge